BERNARD EAGAN, PLAINTIFF-APPELLEE, v. THE PRUDEN-
TIAL INSURANCE COMPANY OF AMERICA, DEFEND-
ANT-APPELLANT.

Submitted October 26, 1945—Decided January 24, 1946.

For the appellant, *Hueston & Frank* (*Thomas F. Hueston,*
of counsel).

For the appellee, *Isidore Zuckerman* (*Gerald F. Foley,* of
counsel).

The opinion of the court was delivered by

OLIPHANT, J. This appeal is from a judgment in favor
of the plaintiff entered in the Union County Circuit Court.
It is an action in tort for personal injuries sustained by him
as a result of falling down a cellar stairway, the doors cover-
ing it being open at the time, and for which no lock was pro-
vided. The building owned by the defendant was a two story
corner building, the first floor of which consisted of five stores
and the second floor of six apartments. The cellar of the
building had a dividing partition, at or near its center, sepa-
rating the front part from the rear. The front part was for
the use of the occupants of the stores, the rear for the apart-

ment tenants. The front of the cellar could be reached only through two openings in the sidewalk in front of the stores, the steps from which led to a corridor at the foot thereof running the whole width of the cellar. Off this corridor were located bins, one for each store tenant.

The case was submitted to the jury on two theories; first, whether or not the defendant was negligent in failing to provide a lock for the cellar doors, thereby creating a structural defect, a nuisance, which was the proximate cause of plaintiff's injuries, and second, whether or not the defendant through its servant, Margaret Mulligan, exercised reasonable care when she failed to close the cellar doors upon finding them open some time before the accident, and if there was a lack of such care, whether it was the proximate cause of the accident. Of course, it is impossible to determine upon which the jury based its verdict.

We need not be presently concerned with the questions presented by the first theory.

Margaret Mulligan and her husband were sort of co-superintendents of the building. Mrs. Mulligan had charge of cleaning the halls, the second floor and the hallway leading down therefrom to the first floor. She had nothing to do with the stores or the cellar underneath them. Her husband took care of the cellar in the rear of the building, having nothing to do with the front part under the stores.

The learned trial judge charged the jury as follows:

"There is evidence that Mrs. Mulligan the agent, servant or employee of the Prudential Insurance Company observed that the doors were open approximately three hours before the accident occurred and that she failed to close the doors. If you find that this occurred you may conclude that she was guilty of negligence for which her employer is liable and if you find further that such negligence was the proximate cause of Mr. Eagan's injury the Prudential Insurance Company must be held responsible by you."

Proper exception was taken thereto and allowed.

This charge was error. By the language used the jury was admonished that Mrs. Mulligan was the agent of the defend-

ant for all purposes in connection with the buildings, including the cellar stairway into which plaintiff fell. There is complete absence of proof that Mrs. Mulligan was the agent of the defendant charged with the duty of taking care of these doors, or having any duty with regard to them or the front part of the cellar. By the charge the court determined as a matter of law that Mrs. Mulligan's duties under her employment extended beyond her duties as testified to by the witnesses. In our judgment the doctrine of *respondeat superior* did not apply as to the cellar doors under the facts adduced.

The judgment is reversed to the end that a *venire de novo* may be awarded.

*For affirmance*—RAFFERTY, DILL, JJ.   2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, FREUND, McGEEHAN, JJ.   13.